**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-01233-RM-KLM

MARTIN/MARTIN, INC., a Colorado corporation,

    Plaintiff,

vs.

KLING STUBBINS, INC., a Delaware corporation.

    Defendant.

---

**TEMPORARY RESTRAINING ORDER**

---

This matter is before the Court on Martin/Martin, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction (the "Motion") (ECF No. 23) seeking to enjoin Defendant from compelling Plaintiff to participate in an arbitration proceeding pending in Virginia. Based on the current record, of which Defendant has been given notice, Plaintiff's request for a temporary restraining order ("TRO") is granted, and its request for a preliminary injunction will be heard as set forth below.

**I.    BACKGROUND[1]**

According to Plaintiff, there is an arbitration proceeding pending between Defendant and nonparty Balfour Beatty/DPR/Big-D ("BDB") (the "BDB Arbitration") based on a contract between those parties (the "Prime Contract"). Defendant has now moved to join Plaintiff as a party to the BDB Arbitration, and the American Arbitration Association ("AAA") has set a June

---

[1] Plaintiff did not file a verified complaint or affidavit with the Motion. Nonetheless, Plaintiff submitted an affidavit with the complaint which addresses the contracts at issue.

4, 2019 hearing to determine whether it has jurisdiction over Plaintiff. The problem, however, is that Plaintiff contends there is no agreement to arbitrate in the contract ("Subcontract") between Plaintiff and Defendant. Hence, Plaintiff's instant Motion followed.

II. **LEGAL STANDARD**

Pursuant to Fed. R. Civ. P. 65(b)(1), "[t]he court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." *See also* D.C.COLO.LCivR 65.1 (requiring counsel for the movant to provide actual notice or efforts to provide such notice, except as provided by Fed. R. Civ. P. 65(b)(1)).

In addition to the requirements of Rule 65, before injunctive relief may be had, the plaintiff must establish: "'(1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest.'" *Diné Citizens Against Ruining our Environment v. Jewell,* 839 F.3d 1276, 1281 (10th Cir. 2016) (quoting *Davis v. Mineta*, 302 F.3d 1104, 1111 (10th Cir. 2002)); *Watts v. Karmichael Family, LLC*, No. 07-cv-00638-MSK-MJW, 2007 WL 1059051, at *1 (D. Colo. Apr. 4, 2007) (unpublished) (motion for temporary restraining order is examined under same standards applicable to requests for preliminary injunction). The Tenth Circuit no longer applies a "modified test"[2] for determining temporary or preliminary injunctive

---
[2] Under the "modified test," when the other three requirements for preliminary injunctive relief tip strongly in the movant's favor, the test is modified so that the movant may meet the likelihood of success on the merits requirement

relief, finding it inconsistent with the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008). *Diné Citizens*, 839 F.3d at 1282 (deciding preliminary injunction).

In addition, three types of preliminary injunction are disfavored: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits." *Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012). Should a preliminary injunction fit within one of these types, the injunction "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (en banc).

### III. ANALYSIS

Plaintiff asserts that it has met all four requirements for relief. In this case, even assuming this is a disfavored injunction, the Court agrees.

***Likelihood of success on the merits.*** Plaintiff has filed seven claims for relief, but it only needs to demonstrate likelihood of success on one relevant claim. *See Life Time Fitness, Inc. v. DeCelles*, 854 F. Supp. 2d 690, 695 (D. Minn. 2012) (plaintiff need only demonstrate likely to succeed on one claim); *Covertech Fabricating, Inc. v. TVM Bldg. Prods., Inc.*, No. 3:17-cv-196, 2017 WL 4863208, at *2 n.1 (W.D. Pa. Oct. 26, 2017) (same). Thus, the Court examines the requirements as to Plaintiff's first and second claim for relief, seeking a declaration that it did not agree to arbitrate disputes (directly or by incorporation of the Prime Contract) with Defendant.

---

"'by showing that questions going to the merits are so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation.'" *Diné Citizens*, 839 F.3d at 1282 (quoting *Davis*, 302 F.3d at 1111).

And, here, the Court's examination of the current record, after applying Colorado law,[3] shows (1) the question of arbitrability is for the courts; and (2) that Plaintiff did not agree to arbitrate, expressly or by incorporation. C.R.S. § 13-22-206(2) ("The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."); *Taubman Cherry Creek Shopping Center, LLC v. Neiman-Marcus Group, Inc.*, 251 P.3d 1091, 1094-95 (Colo. App. 2010) ("[C]ourts should follow state law principles governing the formation of contracts, subject to a presumption that courts should determine arbitrability unless the parties clearly provide otherwise." Further, "for an incorporation by reference to be effective, it must be clear that the parties to the agreement had knowledge of and assented to the incorporated terms." (quotation marks and citation omitted)). *See also Wakaya Perfection, LLC v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1128 (10th Cir. 2018) ("The Supreme Court has repeatedly held that unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court, not the arbitrator." (brackets, quotation marks, and citation omitted)). Thus, Plaintiff has met its heavy burden on this factor.

***Irreparable Harm.*** Although it appears the issue has not been decided by the Tenth Circuit, various courts have found that, where the dispute is not subject to arbitration, requiring a party to nonetheless arbitrate would cause that party irreparable harm. *See PaineWebber Inc. v. Hartmann,* 921 F.2d 507, 515 (3rd Cir. 1990), *overruled on other grounds by Howsam v. Dean Witter Reynolds*, 537 U.S. 79, 85 (2002) ("[W]e think it obvious that the harm to a party would be *per se* irreparable if a court were to abdicate its responsibility to determine the scope of an arbitrator's jurisdiction and, instead, were to compel the party, who has not agreed to do so, to submit to an arbitrator's own determination of his authority."); *UBS Securities, LLC v. Voegeli,*

---

[3] The Court assumes Colorado law applies as the "Terms and Conditions" provide it is governed by Colorado law. (ECF No. 23-1, p. 13, Section IV.H.)

4

405 F. App'x 550, 552 (2nd Cir. 2011) ("Being forced to arbitrate a claim one did not agree to arbitrate constitutes an irreparable harm for which there is no adequate remedy at law." (citing *Merrill Lynch Inv. Managers v. Optibase, Ltd.*, 337 F.3d 125, 129 (2d Cir. 2003) (per curiam))); *McLaughlin Gormley King Co. v. Terminix Intern. Co., L.P.,* 105 F.3d 1192, 1194 (8th Cir. 1997) ("If a court has concluded that a dispute is *non*-arbitrable, prior cases uniformly hold that the party urging arbitration may be enjoined from pursuing what would now be a futile arbitration, even if the threatened irreparable injury to the other party is only the cost of defending the arbitration and having the court set aside any unfavorable award." (emphasis in original)). On the current record, the Court agrees.

***The threatened injury outweighs the harm that the preliminary injunction may cause the opposing party***. Plaintiff argues the balance of equities tips in its favor. The Court agrees as Defendant faces only a short delay in the arbitration process should it be able to establish an agreement to arbitrate exists during the preliminary injunction hearing.

***The injunction, if issued, will not adversely affect the public interest.*** While arbitration is favored, the Supreme Court has repeatedly stated that "arbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit." *AT & T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986) (quotation marks and citations omitted). Accordingly, the Court finds that granting the stay will not harm the public interest.

***Bond.*** In summary, Plaintiff has shown the requirements for relief are met. Rule 65(c), however, provides the movant must give "security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or

restrained." The Court finds that a bond in the amount of $5,000.00 is required, in light of the ongoing arbitration proceedings, even though any delay may be short.

## IV. CONCLUSION

Based on the foregoing, it is

**ORDERED** that Plaintiff Martin/Martin, Inc.'s Motion for Temporary Restraining Order and Preliminary Injunction (ECF No. 23) is GRANTED; and it is

**FURTHER ORDERED** that Defendant Kling Stubbins, Inc. is **TEMPORARILY RESTRAINED** in its efforts to compel Martin/Martin to arbitrate the parties' dispute or to participate in the BDB Arbitration with the American Arbitration Association ("AAA") Case No. 01-19-0000-4757, or to otherwise subject Martin/Martin or the parties' dispute to the jurisdiction of the AAA; and it is

**FURTHER ORDERED** that that this Temporary Restraining Order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a surety bond in the amount of **$5,000.00 no later than 4:00 p.m. on June 5, 2019**, to secure the payment of such costs and damages as may be sustained by any party who is found to be wrongfully restrained hereby. **This Temporary Restraining Order shall only become effective upon the posting of such bond**; and it is

**FURTHER ORDERED** that pursuant to Fed. R. Civ. P. 65(b)(4), Defendant may apply to this Court to dissolve or modify this Temporary Restraining Order on two (2) days' notice, or such shorter notice as this Court may allow, but no such application shall serve to suspend this Temporary Restraining Order once effective or stay its terms unless otherwise ordered by this Court; and it is

**FURTHER ORDERED** that this Temporary Restraining Order shall remain in effect for fourteen (14) days from its effective date, unless it is otherwise modified by the Court;[4] and it is

**FURTHER ORDERED** that on or before **June 11, 2019**, Defendant may file any response to the Motion (ECF No. 23); and it is

**FURTHER ORDERED** that this case is set for a preliminary injunction hearing on **Tuesday, June 18, 2019, at 2:00 p.m.** in Courtroom A601 at the Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado. The parties shall comply with any requirements for evidentiary hearings in Judge Raymond P. Moore's Civil Practice Standards found at http://www.cod.uscourts.gov/Portals/0/Documents/Judges/RM/Civil%20Practice%20Standards%20-%20March%202015.pdf.

DATED this 4th day of June, 2019 at 4:00 p.m.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge

---

[4] If Plaintiff seeks to extend this Temporary Restraining Order or if Defendant consents to an extension of this Temporary Restraining Order, they shall notify the Court as soon as possible. *See* Fed. R. Civ. P. 65(b)(2).